UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| GINA KENDRICK DAUTH,<br><br>　　　　　Plaintiff,<br>　v.<br><br>CONVENIENCE RETAILERS, LLC;<br>PACIFIC CONVENIENCE & FUELS,<br>LLC; SAM HIRBOD; and DOES 1<br>THROUGH 20, inclusive,<br><br>　　　　　Defendants.<br>_____/ | No. C 13-047 MEJ<br><br>**ORDER RE: MOTION FOR LEAVE<br>TO FILE SECOND AMENDED<br>COMPLAINT (Docket No. 25)** |

## INTRODUCTION

Before the Court is Plaintiff Gina Kendrick Dauth's Motion for Leave to File Second Amended Complaint, filed on July 11, 2013. Dkt. No. 25. Defendants Convenience Retailers, LLC, Pacific Convenience & Fuels, LLC, and Sam Hirbod (collectively, "Defendants") filed an Opposition to Plaintiff's Motion on July 25, 2013. Dkt. No. 27. The Court finds this matter suitable for disposition without oral argument and VACATES the August 29, 2013 hearing. Civ. L.R. 7-1(b). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court GRANTS Plaintiff's Motion for the reasons set forth below.

## BACKGROUND

On November 8, 2012, Plaintiff filed her initial Complaint in Alameda County Superior Court, alleging that Defendants misclassified her as an exempt employee and failed to pay overtime wages that she was owed. Not. of Removal, Ex. B, Dkt. No. 1. Defendants timely removed the matter to this Court on January 4, 2013. Dkt. No. 1. Pursuant to stipulation, Plaintiff filed a First Amended Complaint ("FAC") on January 23, 2013. Dkt. Nos. 10, 11. Plaintiff's FAC asserts a total of 11 causes of action, including claims under the California Labor Code for unpaid overtime wages

(First Cause of Action); liquidated damages (Second Cause of Action); failure to provide meal and rest breaks (Third Cause of Action); violation of California Labor Codes sections 204 and 210 (Fourth Cause of Action); failure to pay wages and overtime under the Fair Labor Standards Act, 29 U.S.C. § 207 (Fifth Cause of Action); failure to provide itemized wage statements (Sixth Cause of Action); civil penalties under Labor Code section 558 (Seventh Cause of Action); violation of the California Business and Professions Code sections 17200 and 17203 (Eighth Cause of Action); breach of employment contract (Ninth Cause of Action); violation of the California Labor Code Private Attorneys General Act (Tenth Cause of Action); and breach of the covenant of good faith and fair dealing (Eleventh Cause of Action). Dkt. No. 11.

Plaintiff now seeks to add two causes of action – a whistleblower claim under California Labor Code section 1102.5 and a claim for wrongful termination in violation of public policy – "[i]n light of new evidence obtained and events [that] occurred after the filing of the [FAC]." Mot. at 2. Plaintiff argues that, at the time she filed her FAC, she was still an employee of Defendants. *Id.* at 3. Subsequently, however, she claims that she was subjected to adverse employment action by Defendants "when she was effectively terminated from her employment on or around April 1, 2013." *Id.* Plaintiff states that, "[o]n or around June 4, 2013, the California Employment Development ('EDD') granted Plaintiff unemployment benefits finding that Plaintiff was constructively terminated on or around April 1, 2013 due to her complaint, opposition to and refusal to participate in Defendants' financial improprieties and fraud. It is indisputable that Plaintiff separated from employment after the filing of the [FAC]." *Id.* at 3-4. Plaintiff contends that, when she discovered that she had a good faith and reasonable basis to add causes of actions for whistleblower retaliation and wrongful termination, her counsel immediately notified counsel for Defendants, requesting that they stipulate to the filing of a Second Amended Complaint, but Defendants refused the request. *Id.* at 4.

Defendants argue that Plaintiff's proposed amendments fail to state a claim as a matter of law and would therefore be futile. Opp. at 3. Defendants further argue that Plaintiff has unduly delayed in seeking to add these claims as the work place conduct that she alleges serves as the basis for her

2

proposed amendments was known to her long before and certainly no later than the end of March 2012. *Id.* at 6. Defendants also argue that they would suffer prejudice because they "have invested a great deal of time and have incurred substantial costs in defending this misclassification case. The proposed amendments would serve to alter the basis of the action, insert new theories into the case and require new and additional discovery." *Id.* at 7. Finally, Defendants argue that Plaintiff seeks to add the new claims in bad faith because she knows her claims are deficient and pursuing such claims serves no legitimate purpose. *Id.* at 8-9.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. Pro. 15(a)(1). After that initial period has passed, amendment is permitted only with the opposing party's written consent or leave of the court. Fed. R. Civ. P. 15(a)(2). Rule 15 instructs that "[t]he court should freely give leave when justice so requires." *Id.* Although this rule "should be interpreted with extreme liberality, leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (internal citation and quotation marks omitted). Courts commonly consider four factors when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). However, the consideration of prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In addition, a court may also consider whether the plaintiff has previously amended his complaint. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n. 3 (9th Cir. 1987). Where a court has already provided the plaintiff one or more opportunities to amend her complaint, its discretion over further amendments is particularly broad. *Id.*

## ANALYSIS

**A. Bad Faith on the Part of the Movant**

In her Motion, Plaintiff argues that there is a good faith basis for adding whistleblower and

wrongful termination claims because her employment relationship with Defendants ended just one month ago and significant details about the circumstances surrounding her termination become apparent at that time. Mot. at 7-8. In response, Defendants argue that "[h]ad Plaintiff conducted a reasonable inquiry, reviewed relevant documents and the testimony in this case, Plaintiff would have learned the claim she seeks to add under California Labor Code section 1102.5(c) and the claim for wrongful termination are lacking in evidentiary support." Opp. at 8.

The Court finds no evidence of bad faith on Plaintiff's part. Plaintiff alleges that she only recently learned of the facts surrounding her new claims. She subsequently brought her Motion within the time permitted by the Court's Case Management Order. Dkt. No. 20 at 1. Discovery also remains open. *Id.* Further, Defendants have not brought any motions challenging the sufficiency of Plaintiff's allegations. The record in this case does not reflect bad faith. *Compare Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) (finding bad faith when the amendment was solely to add a defendant to defeat diversity); *Morris v. Fresno Police Dep't*, 2010 WL 4977626, at *3 (E.D. Cal. Dec. 2, 2010) (finding an inference of bad faith where plaintiff was seeking leave to file an eighth amended complaint and violated court orders in its amendments); *Trans Video Elec., Ltd. v. Sony Elec., Inc.*, 278 F.R.D. 505, 510 (N.D. Cal. 2011), *aff'd sub nom. Trans Video Elec., Ltd. v. Sony Elec., Inc.*, 475 F. App'x 334 (Fed. Cir. 2012) (finding that a motion to amend was taken in bad faith where, after the court granted a defendant's motion for summary judgment, plaintiff moved to amend "as a last-ditch attempt to avoid the case being dismissed in its entirety."). While Defendants argue that Plaintiff's proposed claims are lacking in evidentiary support, as discussed below, the Court finds such arguments premature.

Accordingly, this factor weighs in favor of permitting the proposed amendments.

**B.     Undue Delay**

Plaintiff argues that she acted with diligence and brings this Motion to Amend based on recent events that occurred after the filing of the Complaint (i.e., her alleged employment termination on April 1, 2013 and EDD's decision on June 4, 2013 to grant Plaintiff unemployment benefits based upon its finding that she was terminated due to her complaint, opposition to and refusal to participate

4

1 in Defendants' financial improprieties and fraud). Mot. at 7. In response, Defendants argue that
2 there can be no dispute that the conduct Plaintiff alleges serves the basis of her proposed amendments
3 was known to her long before and certainly no later than the end of March 2012. Opp. at 6.

4       In evaluating a motion for leave to amend, a substantial delay on the part of the moving party,
5 while not in itself sufficient to warrant denial, is nevertheless relevant. *Morongo Band of Mission*
6 *Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (acknowledging the two year delay in filing the
7 motion for leave to amend as "enter[ing] the balance" of the denial); *see also Lockheed Martin*, 194
8 F.3d at 986 (finding that a motion to amend filed after several months with no reason given for the
9 delay supported the district court's denial of leave). Delay is especially damaging to the plaintiff's
10 motion where the facts were previously available and no reason is given for their exclusion from
11 antecedent complaints. *Chodos v. W. Publ'g. Co. Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002); *see also*
12 *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) (finding that plaintiff's inexplicably
13 late filing of motion to amend warranted denial of the motion).

14     Here, there has been no showing that Plaintiff unduly delayed filing this Motion. First, in its
15 April 2, 2013 Case Management Order, the Court set a deadline of July 22, 2013 to amend pleadings.
16 Dkt. No. 20 at 1. Plaintiff filed the present Motion on July 11, 2013, well within the time permitted
17 to amend. Second, discovery is ongoing and courts have found that undue delay cannot exist where
18 discovery has not ended. *James ex rel. James Ambrose Johnson, Jr., 1999 Trust v. UMG Recordings,*
19 *Inc.*, 2012 WL 4859069, at *2 (N.D. Cal. Oct. 11, 2012)*; Am. Express Travel Related Serv. Co., Inc.*
20 *v. D & A Corp.,* 2007 WL 2462080, at *8 (E.D. Cal. Aug. 28, 2007) (citing *Abels v. JBC Legal*
21 *Group, P.C.,* 229 F.R.D. 152, 156 (N.D. Cal. 2005)) ("If discovery is not closed, undue delay does
22 not exist."). Third, Plaintiff states that she brings this Motion based on recent events that occurred
23 after the filing of the FAC (i.e., her alleged employment termination on April 1, 2013 from
24 Defendants and EDD's decision on June 4, 2013).

25      Finally, in the absence of another basis for denying leave to amend, such as undue prejudice
26 or bad faith, courts have generally granted leave to litigants even though they should have anticipated
27 "the facts and theories raised by the amendment" at an earlier stage in the litigation, and cannot
28

otherwise justify their delay in seeking leave to amend. *Bank of Hawaii*, 902 F.2d at 1388. *See, e.g., Howey v. United States*, 481 F.2d 1187, 1190-91 (1973) (reversing a district court's decision to deny leave to amend based solely on an unjustified delay of five years, noting "we know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend."); *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) ("Ordinarily, leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party."); *Morongo*, 893 F.2d at 1079 ("The delay of nearly two years, while not alone enough to support denial, is nevertheless relevant."). As discussed herein, the Court finds no other basis for denying leave to amend. Although Defendants argue that there can be no real dispute that the conduct Plaintiff alleges occurred no later than March 2012, as discussed below, the Court finds it inappropriate to consider the legal merits of a claim before that claim has even been alleged.

Accordingly, this factor also weighs in favor of allowing Plaintiff to file an amended complaint.

**C.     Prejudice to the Opposing Party**

Plaintiff argues that no prejudice will come to Defendants if she is granted leave to amend because the claims arise out of the same transactions or occurrences as the subject matter already at issue in this case. Mot. at 6. In response, Defendants argue that they have invested a great deal of time and incurred substantial costs in defending this case, and that the proposed amendments would serve to alter the basis of the action, insert new theories into the case and require new and additional discovery. Opp. at 7.

"Prejudice is the 'touchstone of the inquiry under rule 15(a).'" *Eminence Capital*, 316 F.3d at 1052 (internal citation omitted) (quoting *Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)). If a court is to deny leave to amend on grounds of undue prejudice, the prejudice must be substantial. *Morongo*, 893 F.2d at 1079; *Serpa v. SBC Telecomm., Inc.*, 318 F. Supp. 2d 865, 872 (N.D. Cal. 2004). Furthermore, "[t]he party opposing the amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187.

The Court finds that Defendants have not shown that they will be substantially prejudiced. Although they may incur additional time and expense, Defendants will not have to radically change their litigation strategy in order to defend against Plaintiff's new claims. *Serpa*, 318 F. Supp. 2d at 872 (finding no substantial prejudice where the additional claim would not shift defendants' litigation strategy); *UMG Recordings*, 2012 WL 4859069, at *2 (finding no prejudice where plaintiff sought to add a new claim and three new defendants); *Castle v. Wells Fargo Fin., Inc.*, 2008 WL 2079192, at *2 (N.D. Cal. May 15, 2008). Plaintiff's new claims arise out of the same transactions or occurrences as the subject matter already at issue in this case. Thus, the nature of the litigation and the course of defense will not be substantially altered, and Defendants will not suffer substantial prejudice.

### D. Futility of the Proposed Amendment

Plaintiff argues that the additional causes of actions for whistleblower retaliation and wrongful termination are not futile because she has properly pled valid claims against Defendants in the proposed Second Amended Complaint – she intends to prove at trial that she was separated from employment for refusing to participate in Defendants' financial improprieties and financial misrepresentations. Mot. at 8. In response, Defendants argue that Plaintiff's proposed amendments fail to state a claim as a matter of law. Opp. at 3-6.

Denial of leave to amend is appropriate if the amendment would be futile, such as where it would inevitably be defeated on a summary judgment motion. *Cal. ex rel. Cal. Dept. of Toxic Substances Control v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004). "Where the theory presented in the amendment is lacking in legal foundation, or where previous attempts have failed to cure a deficiency and it is clear that the proposed amendment does not correct the defect, the court has discretion to deny the motion to amend." *Serpa*, 318 F. Supp. 2d at 872 (citing *Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992)). To decide whether amendment is futile, the Court's inquiry is whether, as a matter of law, relief is unavailable based on the allegations as proposed. *Id.*

Here, the Court finds Defendants' arguments regarding the merits of Plaintiff's claims premature. "Futility is usually grounds for denying leave to amend after a motion to dismiss or

summary judgment motion." *UMG Recordings*, 2012 WL 4859069, at *3. Defendants attempt to argue the legal merits of claims before they have even been alleged, before there has been specific discovery regarding the claims, and before the parties have made any formal motion challenging the claims. However, at this point, the Court cannot say as a matter of law that the amendment would be futile. *Id.* Thus, this factor also weighs in favor of permitting the proposed amendments.

In sum, the Court finds no evidence of undue delay or bad faith on Plaintiff's part, Defendants will not be prejudiced if Plaintiff is allowed to amend her pleading to assert two additional claims, and it is premature to determine the merits of Plaintiff's claims. Accordingly, Plaintiff has made a sufficient showing up Rule 15 supporting her request for leave to amend.

## CONCLUSION

Based on the analysis above, the Court GRANTS Plaintiff's Motion. Plaintiff shall file her Second Amended Complaint within seven (7) days of the date of this Order.[1]

**IT IS SO ORDERED.**

Dated: July 31, 2013

_____
Maria-Elena James
United States Magistrate Judge

---

[1] Although this Order does not address Defendants' argument that Plaintiff's proposed claims cannot be maintained against individual defendants, Plaintiff should be mindful of this argument and ensure that all claims are pled against the proper defendants.