# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| GINA KENDRICK DAUTH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CONVENIENCE RETAILERS, LLC; PACIFIC CONVENIENCE & FUELS, LLC; SAM HIRBOD; and DOES 1 THROUGH 20, inclusive,<br><br>　　　　　Defendants.<br>_____/ | No. C 13-047 MEJ<br><br>**DISCOVERY ORDER RE: DOCKET NO. 30** |

## INTRODUCTION

Plaintiff Gina Kendrick Dauth brings this employment discrimination case against Convenience Retailers, LLC, and Pacific Convenience & Fuels, LLC, as well as Sam Hirbod, the owner, President and Chief Executive Officer of the defendant corporations. The parties have now filed a joint letter in which Plaintiff seeks an order from the Court compelling Mr. Hirbod's deposition within 30 days. Dkt. No. 30. Plaintiff argues that Mr. Hirbod has been properly named as a defendant in his individual capacity and that his deposition is essential because she was directed by him as an employee. Jt. Ltr. at 3. Defendants argue that Plaintiff has failed to avail herself of other reasonably available means of discovery and failed to demonstrate that Mr. Hirbod was involved in directing her work in any meaningful way, or that he possesses unique, first-hand non-repetitive knowledge of the facts at issue in this case. *Id.* at 4.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) provides that a court may, upon a showing of good cause by the party seeking protection, issue an order to protect a party from annoyance, embarrassment, oppression, undue burden or expense. "A party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied." *Affinity Labs of Texas v. Apple,*

1 *Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 09, 2011) (citation omitted).  Absent extraordinary
2 circumstances, it is very unusual for a court to prohibit the taking of a deposition.  *Id.* (citation
3 omitted).  However, "[w]hen a party seeks the deposition of a high-level executive (a so-called 'apex'
4 deposition), the court may exercise its discretion under the federal rules to limit discovery." *Id.*
5 (citations omitted).  "'Virtually every court that has addressed deposition notices directed at an
6 official at the highest level or 'apex' of corporate management has observed that such discovery
7 creates a tremendous potential for abuse or harassment.'"  *Id.* (citing *Celerity, Inc. v. Ultra Clean*
8 *Holding*, Inc., 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007)).  "For that reason, parties seeking to
9 depose a high ranking corporate officer must first establish that the executive (1) has unique,
10 non-repetitive, firsthand knowledge of the facts at issue in the case, and (2) that other less intrusive
11 means of discovery, such as interrogatories and depositions of other employees, have been exhausted
12 without success."  *Id.* (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)).

13 "Where a high-level decision maker 'removed from the daily subjects of the litigation' has no
14 unique personal knowledge of the facts at issue, a deposition of the official is improper."  *Id.* (citation
15 omitted).  "This is especially so where the information sought in the deposition can be obtained
16 through less intrusive discovery methods (such as interrogatories) or from depositions of lower-level
17 employees with more direct knowledge of the facts at issue."  *Id.* (citing *Salter*, 593 F.2d at 651).
18 However, a claimed lack of knowledge, by itself, is insufficient to preclude a deposition.  *Id.* (citation
19 omitted).  "Moreover, the fact that the apex witness has a busy schedule is simply not a basis for
20 foreclosing otherwise proper discovery."  *Id.* (citation omitted).

### ANALYSIS

22 Based on the information presented in the parties' letter, the Court finds it appropriate to
23 exercise its discretion and prohibit Mr. Hirbod's deposition at this time.  Plaintiff does not argue that
24 she has attempted other less intrusive means of discovery.  Instead, she simply alleges that his
25 "deposition is essential and just results in this litigation cannot be obtained unless Plaintiff has the
26 opportunity to depose him."  Jt. Ltr. at 3.  In support of this argument, Plaintiff states that she "has
27 alleged in this action that Defendant Hirbod is personally and individually liable for Plaintiff's
28

damages," and that "during [her] employment, she performed work under his instructions and was directed by him as an employee of Defendant Pacific Convenience & Fuels, LLC." *Id.* However, these generalized statements do not show that Mr. Hirbod has knowledge that is unique to him. And, even if Plaintiff were to make such a showing, she has not established that she is unable to obtain the information through less intrusive means of discovery, such as interrogatories.

However, should Plaintiff determine that Mr. Hirbod has unique first-hand, non-repetitive knowledge of facts at issue in the case, and other less intrusive discovery methods, including interrogatories or depositions of lower-ranking employees, have proven unsuccessful, the Court finds that it may be permissible to permit Mr. Hirbod's deposition at that time. *See, e.g., Kennedy v. Jackson Nat. Life Ins. Co.*, 2010 WL 1644944, at *2 (N.D. Cal. Apr. 22, 2010) (permitting deposition of CEO where lower-ranking employee mentioned him several times in her Rule 30(b)(6) deposition as being the main decision-maker); *First Nat'l Mortg. Co. Fed. Real. Inv. Tr.*, 2007 WL 4170548, at *2 (N.D. Cal. Nov. 19, 2007) (where the testimony of lower level employees indicates that the apex deponent may have some relevant personal knowledge, the party seeking protection will not likely meet the high burden necessary to warrant a protective order); *Google v. Am. Blind & Wallpaper Factory, Inc.*, 2006 WL 2578277, at *3 (N.D. Cal. Sep. 6, 2006) (courts generally refuse to allow the immediate deposition of apex deponent executives before the testimony of lower level employees with more intimate knowledge of the case has been secured).

## CONCLUSION

In sum, Plaintiff has failed to establish the need for Mr. Hirbod's deposition at this time. Specifically, she has failed to establish that Mr. Hirbod has unique first-hand, non-repetitive knowledge of facts at issue in the case, and that she has exhausted other less intrusive discovery methods. Accordingly, Plaintiff's request is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: August 12, 2013

_____
Maria-Elena James
United States Magistrate Judge