UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| GINA KENDRICK DAUTH, | No. C 13-00047 MEJ |
| Plaintiff, | **ORDER GRANTING DEFENDANTS'** |
| v. | **MOTION TO DISMISS CLAIMS** |
| CONVENIENCE RETAILERS, LLC, *et al.*, | **TWELVE AND THIRTEEN FROM** |
| | **SECOND AMENDED COMPLAINT** |
| Defendants. | **[Dkt. No. 32]** |

## I. INTRODUCTION

On August 1, 2013, Plaintiff Gina Dauth filed her Second Amended Complaint against Defendants Convenience Retailers, LLC, Pacific Convenience & Fuels, LLC, and Sam Hirbod, asserting thirteen claims arising from Plaintiff's employment with Defendants. SAC, Dkt. No. 29. In her twelfth cause of action, Plaintiff asserts a claim for violation of California's Whistleblower Protection Act, California Labor Code section 1102.5, against all Defendants. SAC ¶¶ 120-24. In her thirteenth cause of action, Plaintiff asserts a claim for wrongful termination in violation of public policy against all Defendants. SAC ¶¶ 125-28. On August 19, 2013, Defendants filed a Motion to Dismiss Plaintiff's Labor Code section 1102.5 and wrongful termination in public policy claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 32. Plaintiff has filed an Opposition (Dkt. No. 34), to which Defendants filed their Reply (Dkt. No. 35). Because the Court finds this matter suitable for disposition based on the parties' written submissions, and oral argument would not assist the Court in making this decision, the Court **VACATES** the hearing set for September 26, 2013. Civil L.R. 7-1(b). For the reasons that follow, the Court **GRANTS** Defendants' Motion and dismisses Plaintiff's twelfth and thirteenth claims without prejudice.

## II. LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle [ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parenthetical omitted). In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

## III. DISCUSSION

### A. Claim Twelve for Whistleblower Retaliation

Defendants move to dismiss Plaintiff's claim for whistleblower retaliation under California Labor Code section 1102.5 because Plaintiff has failed to allege facts indicating that she engaged in a protected activity.

Section 1102.5 is a "whistle-blower" protection statute. *Feretti v. Pfizer, Inc.*, 2012 WL 3638541, at *5 (N.D. Cal. Aug. 22, 2012). Specifically, section 1102.5(c) provides: "An employer may not retaliate against an employee for refusing to participate in an activity that would result in a

violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation." To establish a *prima facie* case under section 1102.5(c), a plaintiff must offer proof that: (1) he engaged in a protected activity, (2) the defendant subjected him to adverse employment actions; and (3) that there is a causal link between the two. *Mokler v. County of Orange*, 157 Cal. App. 4th 121, 138 (2007); *Casissa v. First Rep. Bank*, 2012 WL 3020193, at *9 (N.D. Cal. July 24, 2012).

With respect to the first requirement that the plaintiff engage in a protected activity, California courts have explained:

> Protected activity is the disclosure of or opposition to "a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation." [Cal. Labor Code § 1102.5(b), (c).] In other words, "[s]ection 1102.5 of the Labor Code requires that to come within its provisions, the activity disclosed by an employee must violate a federal or state law, rule, or regulation."

*Edgerly v. City of Oakland*, 211 Cal. App. 4th 1191, 1199 (2012) (quoting *Mueller v. County of Los Angeles* 176 Cal. App. 4th 809, 821-22 (2009)).

    Here, as Defendants point out, Plaintiff has not identified any federal or state statute, rule, or regulation in support of her claim. Consequently, she has failed to set forth sufficient facts as to the protected activity element of her section 1102.5(c) claim. In response, Plaintiff argues that she has alleged that she engaged in protected activity by: (1) "complain[ing] that the instructions to create inaccurate and false financial and/or accounting statements were illegal and in violation of California and federal regulation" (SAC ¶ 31); and (2) "oppos[ing] and refus[ing] to participate in the falsifying of financial and/or accounting statements for Defendants" (SAC ¶ 32). Opp. at 6. Plaintiff further indicates that "the rule and regulation upon which she bases her claims is GAAP (the "Generally Accepted Accounting Principles") by the Financial Accounting Standards Board ("FASB")." *Id*. at 7. She explains that, "GAAP . . . consists of mandatory accounting requirements in the United States that Defendants must follow when reporting their financial data via financial statements." *Id*. Plaintiff's argument, however, is unavailing.

    First, despite Plaintiff's assertion that conclusory allegations are somehow sufficient to survive a 12(b)(6) challenge, in order to plead an actionable violation of Labor Code section

1102.5(c), Plaintiff must identify some federal or state law, rule, regulation that was either violated or that Defendants failed to comply with. This element is required to establish a *prima facie* case for violation of section 1102.5(c), and Plaintiff cannot evade this requirement by generally alleging some violation occurred; rather, Plaintiff must specify the law, rule, or regulation that supports her claim. Plaintiff's reliance on GAAP is also insufficient. While GAAP may provide mandatory accounting reporting requirements, Plaintiff has not cited any authority indicating that GAAP regulations equate to state or federal statutory or regulatory law. Notably, as Defendants point out and as Plaintiff acknowledges, GAAP procedures are issued by the FASB – an independent private sector organization – not a state or federal entity. In fact, as Defendants correctly argue, courts have recognized that GAAP does not establish mandatory procedures, but a "wide range of acceptable procedures" that an accountant may choose to apply when the accountant prepares a financial statement. *See Reiger v. Altris Software, Inc.*, 1999 WL 540893, at *6 (S.D. Cal. Apr. 30, 1999) (quoting *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1020-21 (5th Cir. 1996)). Plaintiff has cited no authority indicating that a failure to follow a GAAP procedure, standing alone, constitutes a violation of federal or state law. Accordingly, having failed to identify a federal or state law, rule, or regulation that was violated or that Defendants failed to comply with, Plaintiff has failed to sufficiently plead a claim for violation of Labor Code section 1102.5(c). The Court therefore **GRANTS** Defendants' Motion with respect to this claim. However, because it is possible that Plaintiff may cure this deficiency, dismissal is without prejudice.

Defendants further move to dismiss Plaintiff's whitleblower retaliation claim as to Defendant Hirbod on the ground that he cannot be subject to liability under section 1102.5(c). Mot. at 6. Defendants argue that section 1102.5 does not impose liability on supervisors, but applies only to employers, not individuals. *Id.* (citing *San Bernardino City Professional Firefighters v. City of San Bernardino*, 2010 WL 2557226, at *3 (C.D. Cal. June 18, 2010) (section 1102.5 imposes liability only on "employers," not individual supervisors)); *see also Hart v. Tuolumme Fire Dist.*, 2011 WL 3847088, at *10 (E.D. Cal Aug. 30, 2011) (individual defendants cannot be sued for retaliation under section 1102.5 because they are not "employers").

In response, Plaintiff argues that she is not asserting her claim against Hirbo as a supervisor, but rather, on the basis that he was her "employer." Opp. at 7. She asserts that she has alleged that Hirbod was her employer under an alter-ego theory. *Id*. Plaintiff, however, provides no support for her argument and fails to cite to any allegations in her Second Amended Complaint to support this theory of liability. Because the Court finds that the claim is otherwise deficient, the Court declines to rule on this issue at this point. However, if Plaintiff reasserts her claim against Defendant Hirbod on the basis that he was her employer on an alter-ego theory, Plaintiff must include allegations in support of that theory.

**B.      Claim Thirteen: Wrongful Termination in Violation of Public Policy**

Defendants move to dismiss Plaintiff's thirteenth claim for wrongful termination of public policy on the ground that Plaintiff has failed to identify the specific statute or constitutional provision on which her claim is based. Mot. at 7. In response, Plaintiff argues that she has alleged that, "[t]he discharge was 'in violation of the public policy of the State of California as put forward in the California Labor Code and other statutes and provisions,' specifically Labor Code § 1102.5." Opp. at 8 (citing SAC ¶ 126).

Under California law, an employee may maintain a tort cause of action against his or her employer when the employer's discharge of the employee contravenes fundamental public policy. *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 666, 254 (1988). Such claims are often referred to as *Tameny* claims, after the decision in *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167, 176-77 (1980). A claim for wrongful termination in violation of public policy must be based on a fundamental policy established by a constitutional, statutory or regulatory provision. *Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 76, 90 (1998).

To the extent that Plaintiff's *Tameny* cause of action rest on the fundamental policy established by section 1102.5(c), this claims fail for the same reasons that Plaintiff has failed to establish a *prima facie* case for violation of that section. *See Casissa*, 2012 WL 3020193, at *11 (dismissing *Tamney* claim when 1102.5(c) claim failed). To the extent that Plaintiff seeks to base her claim on violation of another statute or provision, Plaintiff must allege that in her claim.

5

Accordingly, the Court dismisses Plaintiff's claim for wrongful termination in violation of public policy without prejudice.

Defendants also move to dismiss Plaintiff's thirteenth claim on the ground that she cannot assert it against Hirbod, individually. Mot. at 7. As discussed above, should Plaintiff reassert her claim for wrongful termination of public policy against Hirbod, she must allege facts in support of her alter-ego theory and be prepared to proffer legal support for such theory of liability.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's claims for violation of California Labor Code section 1102.5(c) and wrongful termination in violation of public policy. Because it is possible for Plaintiff to cure the deficiencies set forth above, dismissal is without prejudice. However, because the deadline for amending pleadings has expired and Plaintiff has amended her complaint twice, any third amended complaint shall be due no later than October 8, 2013.

**IT IS SO ORDERED.**

Dated: September 24, 2013

_____
Maria-Elena James
United States Magistrate Judge

6